**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THOMAS DIGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-08-840-M |
| | ) |
| CURRICULA, LLC, d/b/a SIX THINGS, | ) |
| INC., AMY JAMES, and NEXTEP | ) |
| BUSINESS SOLUTIONS III, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is defendant Curricula, LLC, d/b/a Six Things, Inc.'s ("Six Things") Motion to Dismiss Defendant Nextep Business Solutions III, Inc.'s Cross-Claim, filed December 15, 2008. On January 2, 2009, defendant Nextep Business Solutions III, Inc. ("Nextep") filed its response, and on January 5, 2009, plaintiff filed his response noting that he neither supports nor opposes the motion to dismiss. On January 13, 2009, Six Things filed its reply. Based on the parties' submissions, the Court makes its determination.

I.   Introduction

On September 29, 2008, plaintiff filed an amended complaint, alleging that Six Things and Nextep, as joint and/or co-employers, failed to pay him overtime wages as required by the Fair Labor Standards Act and retaliated against him when he complained that he was not being paid the overtime to which he was due. On November 24, 2008, Nextep filed an answer and cross-claim. For its cross-claim, Nextep alleged that it entered into a contract with Six Things on April 25, 2005, pursuant to which Six Things agreed to indemnify it from liability in certain circumstances. Invoking the terms of the contract, Nextep claimed that, under the facts pleaded, Six Things had a

duty to indemnify it for any damages that plaintiff may receive and/or for any costs and/or expenses arising out of the action.

The contract, however, also contains a mediation/arbitration provision. That provision provides, in pertinent part:

> **24. MEDIATION/ARBITRATION**. If any dispute arises between the parties that cannot be settled through negotiation, the parties shall first try in good faith to settle the dispute by mediation administered by the American Arbitration Association under its Commercial Mediation Procedures before resorting to binding arbitration. . . . If the dispute is not resolved through mediation, then either party may elect to arbitrate the dispute by serving written notice upon the other. Once a party elects arbitration, such election is binding on both parties and an arbitrator selected from a panel provided by the American Arbitration Association or similar entity shall resolve the dispute. . . .

Nextep/Client HR01-NM Client Service Agreement at ¶ 24, attached as Exhibit 1 to Six Things' motion to dismiss. Six Things contends that Nextep has never attempted to either negotiate and/or mediate the indemnity dispute and, therefore, Nextep's cross-claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). While Nextep does not dispute that it never attempted to negotiate or mediate the indemnity dispute, it contends that Six Things has waived any right it may have had to invoke the mediation provision.

II.   Standard For Determining Motion

In its motion to dismiss, Six Things relied on the allegations in Nextep's cross-claim and on the contract to which the cross-claim referred. In response, Nextep relied on additional documents outside the pleadings to support its waiver argument.

Federal Rule of Civil Procedure 12(d) provides:

> **(d) Result of Presenting Matters Outside the Pleadings.** If, on motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

Because of the nature of the matter presented – whether Six Things waived any right it may have had to invoke the mediation provision – and because Nextep primarily relied on documents outside the pleadings to support its waiver argument, the Court finds that Six Things' motion to dismiss should be treated as a motion for summary judgment. Further, because Nextep invited the Court to treat the motion as one for summary judgment by relying on documents outside the pleadings, the Court finds that Nextep had notice that the Court might convert the motion to dismiss to a motion for summary judgment. *See Whitesel v. Sengenberger*, 222 F.3d 861, 866 (10th Cir. 2000). Additionally, the Court finds that by raising the waiver defense, Nextep has ostensibly offered its best evidence to support its claim and, thus, has had an adequate opportunity to present all material that is pertinent to the waiver defense.

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.   Discussion

"Waiver is the voluntary and intentional relinquishment of a known right. The doctrine is essentially a matter of intention, focusing on the intent of the party against whom waiver is asserted." *Barringer v. Baptist Healthcare of Okla.*, 22 P.3d 695, 700-01 (Okla. 2001) (internal citations omitted).

> Waiver can be accomplished either expressly or implicitly. An implied waiver can be established by action or conduct which warrants an inference of intent to relinquish. However, to make out a case of implied waiver of a legal right, there must be a clear, unequivocal and decisive manifestation of the party's relinquishment of the right.

*Id.* at 701 (internal citations omitted). "The burden of proof is on the party invoking the bar of waiver." *Advantor Capital Corp. v. Yeary*, 136 F.3d 1259, 1267 (10th Cir. 1998).

> When the evidence concerning waiver is conflicting or disputed, or when more than one reasonable inference may be drawn from the evidence, the existence of waiver is a question of fact for the jury. However, when the facts are not disputed and are subject to only one interpretation, the question of waiver becomes one of law to be decided by the court.

*Barringer*, 22 P.3d at 701 (internal citations omitted).

Nextep contends that Six Things has expressly and implicitly waived performance of the mediation requirement for resolving disputes which may have arisen under the contract. Specifically, based upon various correspondence between the parties, Nextep asserts that Six Things waived performance of the mediation requirement by failing to respond to Nextep's counsel's demand for mediation of an unrelated pay dispute, by demanding that Nextep provide a defense in the instant litigation, and by threatening to file a third party claim against Nextep.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to Nextep and viewing all reasonable inferences in Nextep's favor,[1] the Court finds that Six Things has not expressly or implicitly waived performance of the mediation requirement for resolving disputes which arise under the contract. Initially, the Court would find that the facts at issue are not disputed and are subject to only one interpretation and, thus, the question of waiver is one of law to be decided by this Court. The Court further finds that Nextep has presented no evidence that Six Things expressly waived performance of the mediation requirement. Additionally, the Court finds that Nextep has not presented sufficient evidence to establish that Six Things implicitly waived performance of the mediation requirement. Specifically, the Court, having carefully reviewed the correspondence attached to Nextep's response, finds no evidence of a clear, unequivocal and decisive manifestation of Six Things' relinquishment of the mediation requirement.

---

[1] The Court would note in making its determination, it only considered the correspondence attached to Nextep's response. The Court did not consider any of the evidence attached to Six Things' response in support of its contention that it did not waive performance of the mediation requirement; the Court, however, would note that said evidence further supports this Court's finding of no waiver.

Accordingly, because this Court finds that Six Things has not waived performance of the mediation requirement and because Nextep does not assert that it has attempted to negotiate or mediate the indemnity dispute, the Court finds that Nextep is barred from bringing its cross-claim until such time as the parties have complied with the mediation/arbitration provision in the contract. The Court, therefore, finds that Nextep's cross-claim should be dismissed pending contractually mandatory mediation.

IV.   Conclusion

For the reasons set forth above, the Court GRANTS Six Things' Motion to Dismiss [docket no. 16] and DISMISSES Nextep's cross-claim.

**IT IS SO ORDERED this 24th day of February, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE